The objection of the defendants was that the record did not aver in haecverba that a majority of the acting justices were present making the assessment, but it nowhere appears in the record that there were any more justices in the county. For aught that appeared, those twenty-two who were present did constitute a majority of the whole body of the magistracy of the county. Every case which has been before this Court on the delivery of the official bonds of sheriffs and constables, and when it has been held there was no delivery for the want of a court properly constituted to receive it, has been a case in which the Legislature has itself designated the precise number of magistrates which shall constitute a court for that purpose, and the records have shown that there were not that number. Thus in the several cases of S. v. Wall, 24 N.C. 273, the records show that a less number of magistrates were on the bench where the action of the court complained of took place than was by law required. In Dudley v. Oliver,27 N.C. 227, the requisite number of justices was not named as being present, and at the same time it appeared that there were others. In the case now before us the law does not point out the precise number of magistrates necessary to be on the bench when the taxes are laid, but leaves that to be ascertained by the number of acting justices in the county. There is nothing in the record, as it appears before us, to show that there were any other magistrates in the county of Moore than those enumerated, and, of course, there was a majority present.
There were several other points taken by the defendants, on which the opinion of the Court was in favor of the plaintiff, and therefore we can take no notice of them.
We are of opinion there was error in the judgment below, and (70) it must be.
PER CURIAM. Reversed.
Cited: Clifton v. Wynne, 80 N.C. 148. *Page 56